1  Jessica R. Lohr (SBN 3023348)
   **TROUTMAN SANDERS LLP**
2  5 Park Plaza, Suite 1400
   Irvine, CA 92614-2545
3  Telephone: (949) 622-2722
   Facsimile: (949) 622-2739
4  jessica.lohr@troutman.com

5  *Attorneys for Defendant*
   *Portfolio Recovery Associates, LLC*

NOTE: CHANGES MADE BY THE COURT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA GALVEZ, | Case No. 2:18-cv-02316-DMG-JPR |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| v. | |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | |
| Defendant. | |

WHEREAS this matter having come before the Court by stipulation of Plaintiff, Cynthia Galvez, and Defendant, Portfolio Recovery Associates, LLC, for the entry of a protective order limiting review, copying, dissemination, and the filing of confidential and/or proprietary documents and information to be produced by either party and their respective counselor by any non-party in the course of discovery in this matter to the extent set forth below; and the parties, by and between and/or among their respective counsel, having stipulated and agreed to the terms set forth herein, and good cause having been shown;

IT IS HEREBY ORDERED:

1. As used in this Protective Order (the "Order"), the term "discovery material" shall encompass all information contained in documents, computer data and reports, deposition testimony and exhibits, interrogatory answers, responses to requests for admission, pleadings, motions, briefs, affidavits, and any other written, recorded, computerized, electronic, transcribed or graphic matter produced by any party or obtained by any party during discovery in this suit, and any copies thereof. "Producing party" and "designating party" may include any person, whether or not a party, who provides discovery material. "Suit" means the above-styled lawsuit pending in the Central District of California.

2. This Order is binding upon the parties to the Suit, their respective attorneys, agents, representatives, officers, and employees and others as set forth in this Order.

3. The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. The protections in this Order are permissive: nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections, from asserting that this Order does not provide sufficient protection, and/or from asserting that information is not relevant or otherwise not discoverable. In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information then the Party shall:

A). promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

B). promptly provide the Non-Party with a copy of the Stipulated Protective

Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

        C). make the information requested available for inspection by the Non-Party.

If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this Court. Absent a Court Order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

        4.     All discovery material shall not be used by any recipient or disclosed to anyone for any purpose other than in connection with the above-captioned action. Additionally, as set forth below, certain discovery material designated as "CONFIDENTIAL" shall not be disclosed by the recipient, except as specified under the terms of this Order.

        5.     A producing party may designate as "CONFIDENTIAL" material that has been or will be made available in this Suit by affixing in a conspicuous place on the discovery material the label "CONFIDENTIAL." A party shall make such designation only with respect to discovery materials revealing proprietary, financial, and/or commercially sensitive data, marketing, sale, or planning information, and similar categories of information not known to the general public.

        Discovery material designated "CONFIDENTIAL" may be inspected and disclosed only to the following persons:

(a) the parties, including the directors, officers, and employees of the parties to the Suit and their affiliates, and counsel for the parties in this Suit, including inside counsel of any party who is assisting in the preparation of that party's case;

(b) employees of such counsel engaged in assisting counsel in the preparation of this Suit including secretaries and paralegal assistants;

(c) court officials involved in the Suit, including court reporters and persons operating video recording equipment at depositions;

(d) witnesses, provided that (1) discovery material is used in connection with the examination of the witness; (2) counsel using such documents or information believes in good faith that such use is necessary or appropriate; and (3) the witness is first provided with a copy of this Order and executes Exhibit A, or is the author, recipient, or a copyee of such discovery material;

(e) independent contractors, outside consultants, and experts and their staff consulted or retained by a party for the purpose of assisting in the prosecution or defense of the Suit, provided that such persons shall be given a copy of this Order, advised that they are bound by it, and sign Exhibit A;

(f) any other person who is designated as an authorized person by Order of this Court, after notice to the parties, or by agreement with the designating party;

(g) outside attorneys of record for the parties in this action and the staff of their respective law firms working on this Suit;

(h) non-party experts or consultants including their secretarial and clerical personnel retained to assist counsel of record in this Suit who become qualified to receive material designated under this Order in accordance with the following procedure:

   (i) counsel for any party proposing any such person shall submit to counsel of record for other parties a copy of a Declaration in the form attached as Exhibit A signed by such person, and a full description of all of his or her employment for the previous five (5) years. The original of each such Declaration shall be maintained by counsel proposing the expert;

(ii) unless any other counsel shall notify proposing counsel of its objection to any such proposed person, and the basis therefore, within three (3) business days after the receipt of a copy of the Declaration referred to in subparagraph (a) above, such person shall thereafter be deemed a qualified recipient and entitled to receive material pursuant to the terms and conditions of this Order; and

(iii) should any counsel timely notify proposing counsel of its objection to any such proposed person and of the basis for its objection, proposing counsel shall not disclose material designated under this Order to such proposed person. There shall be a reasonable basis for such objection. Nothing contained herein shall preclude proposing counsel from seeking leave of this Court to permit such person to receive material under this Order in accordance with the terms and conditions of this Order;

(i) deponents or trial witnesses (and their counsel, if any) to the extent reasonably deemed by counsel to be necessary in good faith in connection with that person's testimony or counsel's preparation of their case;

(j) the Court and Court personnel in accordance with the procedures set forth below;

(k) stenographic reporters engaged for depositions or other proceedings necessary for the conduct of this Suit;

(l) outside photocopying, data processing, or graphic services employed by a party or its counsel to assist in this Suit; and

(m) any person who authored or received the particular information sought to be disclosed to that person.

6. A deponent shall not be permitted to retain copies of confidential discovery material unless the deponent is otherwise entitled to receive and retain such copies under the terms of this Order. A deponent's counsel shall not be permitted to retain any copies of confidential discovery material unless such counsel represents one of the parties in this Suit or is otherwise entitled to receive

and retain such copies under the terms of this Order. Nothing in this paragraph shall prevent a deponent or a deponent's counsel from having reasonable access to the deponent's deposition for purposes of executing the deposition, preparing to testify further in this Suit, or for other purposes specially agreed to by the parties.

7. Producing parties may designate discovery material produced in the form of electronic media, such as computer disks and tapes, as confidential discovery material in accordance with the provisions of this Order. Any hard copies generated from electronic media shall likewise be designated and all such copies shall be treated in the same way they would be treated under this Order if they originally had been produced in hard copy and so designated. All persons who use or review any designated electronic media or hard copies thereof shall be instructed to comply with the provisions of this Order. Any party printing hard copies from electronic media and using those hard copies outside the party's own offices shall designate the hard copies as appropriate.

8. If any party objects to a party's or nonparty's designation of discovery material as confidential, based upon a good-faith belief that the discovery material is not entitled to such protection, counsel for the objecting person shall state the objection in writing to counsel for the designating party or nonparty within ten (10) business days of receipt of the designation. Upon receipt of the writing containing such objection, counsel for the person that designated such discovery material shall have ten (10) business days to confer with counsel for the objecting person and respond to the request and objections. If, at the end of the ten (10) business day period, the objecting and designating parties are unable to agree on the propriety of the objected-to designation(s), the objecting party may apply to the Court under Local Rule 37 for an order changing or reviewing the designation. The designating party shall have ten (10) business days to respond to such application and shall have the burden of demonstrating that the designation was proper under the terms of this Order. Any discovery material that has been designated as confidential shall be

1 treated as properly designated until such time as the Court rules that such discovery
2 material should not be so treated.

3     9. Except as specified in paragraph 5(h)(i), agreements to be bound by the Order (Exhibit A - Certification) signed by consultants and non-testifying experts of the parties of this litigation shall be deemed the work product of counsel obtaining them and shall not be disclosed unless so ordered by the Court.

    10. The parties shall endeavor not to include confidential discovery material as exhibits to filings or in any filed pleading with the Court except as to the extent necessary. To the extent that any confidential discovery material filed with the Court during this Suit is desired by the filing party to be placed under seal, it shall be so filed in compliance with the provisions of L.R. 79-5.2.2. Specifically, no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need.

    11. Nothing herein shall be construed to prejudice any party's rights to use at trial or in any other proceedings in this Suit any confidential discovery material. If a party intends to present at trial confidential discovery material or information derived therefrom, then such party shall provide advance notice to the designating party at or before the Final Pretrial Conference by identifying the confidential discovery material at issue as specifically as possible (*i.e.*, by Bates number, page range, deposition transcript lines, etc.). The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

    12. Nothing herein shall be construed to affect in any way the admissibility of any evidence at trial or in any pretrial hearing or other proceedings.

    13. Nothing herein shall preclude any party from asserting, if applicable, the attorney-client privilege, a claim of work product protection, or any other applicable privilege or protection as to any discovery material, or to assert any defense or objection to the use of such information at trial.

    14. Any party that has designated any discovery material as confidential

pursuant to this Order may consent that the confidential status of such discovery material be removed or revoke such designation by so notifying counsel for all other parties in writing or by so stating on the record at any hearing or deposition.

15. If any designation of discovery material as confidential is withdrawn voluntarily or by order of the Court, all other parties to the Suit shall be notified of such change. Nothing contained in this Protective Order shall preclude any party from using its own confidential or privileged information in any manner it sees fit, without prior consent of any party or the Court. If a producing party knowingly discloses its own confidential or privileged information in a pleading filed in the Court's public record or in a publication disseminated to the general public, the producing party shall be deemed thereby to have consented to the removal of that designation with respect to the information disclosed.

16. The inadvertent production of any confidential discovery material by any party shall be without prejudice to any subsequent claim by the producing party that such discovery material is privileged or attorney work-product and shall not necessarily be deemed a waiver of any such privilege or protection. If, after discovery materials are disclosed, a producing party notifies all receiving parties of a claim that materials are protected by the attorney-client privilege or work-product doctrine or any other applicable privilege or protection, the receiving party shall return the discovery materials to the producing party, shall destroy all copies of such materials and shall not make any use of the contested material. Any such discovery material shall be treated as privileged unless the Court rules that such discovery material should not be treated as privileged.

17. Inadvertent production of any document or information without an appropriate designation of confidentiality will not be deemed to waive a later claim as to its confidential nature or stop the producing party from designating said document or information as confidential at a later date by complying with the provisions of this Order. Disclosure of said document or information by any party

prior to such subsequent designation shall not be deemed a violation of the provisions of this Order, provided, however, that any party that disclosed the re-designated material shall make a good faith effort promptly to procure all copies of such re-designated material from any persons known to have possession of any such re-designated material who are not entitled to receive such materials under this Order, and to have all undesignated copies of such documents returned and destroyed.

18. If another court or an administrative agency subpoenas or orders production of confidential discovery material that a party has obtained under the terms of this Order, such party shall promptly notify in writing the party or other person who designated the document as confidential of the pendency of such subpoena or order.

19. This Order does not prevent any party from seeking to seal trial transcripts and/or trial exhibits, including documents previously filed under seal, or from seeking any other similar relief pursuant to L.R. 79-5.2.2.

20. This Stipulation and Order applies to all discovery material produced in this Suit, whether produced before or after the entry of this Stipulation and Order.

21. The Parties agree that any information or documents produced in discovery in this action shall not be used, be required to be produced or admissible, in whole or in part, in any other legal or administrative proceedings unless a court so orders.

22. The provisions of this Order shall, absent written permission of the Designating Party or further order of the Court, continue to be binding throughout and after the conclusion of this action, including and without limitation any appeals therefrom.

23. Within thirty (30) days after the conclusion of all proceedings in this Suit, whether by judgment, settlement, or otherwise, including any appeals related

thereto, all documents governed by the terms of this Order and all copies of such documents not on file with the Court shall, upon written request of the producing party, be returned to counsel for the producing party or destroyed. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 30 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in paragraph 25. Furthermore, within 30 days after the final disposition of this action the parties shall move ex parte for an order authorizing the Court to destroy all Confidential Material in the Court's possession.

24.    Nothing herein shall prevent any party, or third party, on notice to all parties, from applying to the Court for a modification of this Order.

25.    This Order shall remain in effect until such time as it is modified, amended, or rescinded by the Court and shall survive the termination of this Suit. The Court shall have continuing jurisdiction to modify, amend or rescind this Order notwithstanding the termination of this Suit.

IT IS SO ORDERED.

Dated: August 22, 2018

/s/ Jean Rosenbluth
_____
Honorable Jean P. Rosenbluth
United States Magistrate Judge

**WE ASK FOR THIS:**

By: */s/ Brian J. Brazier*
Brian J. Brazier, Bar No. 245004
brian@pricelawgroup.com
Price Law Group, APC
8245 N. 85th Way
Scottsdale, Arizona 85258
Telephone: 818-600-5587

*Counsel for Plaintiff Cynthia Galvez*

By: */s/ Jessica Lohr*
Jessica Lohr, Bar No. 302348
jessica.lohr@troutman.com
11682 El Camino Real, Suite 400
San Diego, CA 92130-2092
Telephone: 858-509-6000
Facsimile: 858 509 6040

*Attorneys for Defendant
Portfolio Recovery Associates, LLC*

# EXHIBIT A

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA GALVEZ,<br><br>        Plaintiff,<br><br>v.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC,<br><br>        Defendant. | Case No. 2:18-cv-02316-DMG-JPR |

**<u>DECLARATION OF _____ UNDER STIPULATED PROTECTIVE ORDER</u>**

I, _____ being duly sworn, declare as follows:

My address is _____.

My present employer is _____.

My present occupation or job description is _____.

I hereby acknowledge that: (i) I have been given a copy of the Stipulated Protective Order ("Order") in the above-referenced case; (ii) I carefully read the Order; and (iii) I understand and am familiar with the terms of the Order.

I will comply with all of the provisions of the Order. I will hold all Confidential Discovery Material disclosed to me, including the substance and any copy or summary abstract, in confidence, and will not disclose such material to anyone not qualified under the Order. I will not use Confidential Discovery Material for any purposes other than this case.

I will return all Confidential Discovery Material that comes into my possession and all documents and things that I have prepared relating thereto, to counsel for the Party by who I am retained or employed, or from whom I received such material.

I hereby submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcement of the Order in this case.

I declare under the penalty of perjury that the foregoing is true and correct.

_____

- 15 -    STIPULATED PROTECTIVE ORDER
36058438